Opinion delivered June 16, 1888.

## No. 6097.

## A. E. WATSON *v.* THE STATE.

OBSTRUCTING PUBLIC ROAD—FACT CASE.—See the opinion and the statement of the case for evidence *held* insufficient to support a conviction for obstructing a public road.

APPEAL from the County Court of Falls. Tried below before the Hon. John N. Wharton, County Judge.

The information charged the appellant as an accomplice with one Gassaway in the obstruction of a public road. His trial resulted in conviction, and his punishment was assessed at a fine of fifteen dollars.

The record discloses that Gassaway owned the Gillmore survey and had had it fenced for years. He subsequently leased from Watson the Jordan survey and fenced it. The south line of Gassaway's pasture fence was about thirty feet north of where the jury of view laid their new road. Gassaway afterward extended his fencing on the Jordan survey south, and took in the ground where the jury of view had designated for the road. But at the time he so extended his fence there were no marks on the ground to indicate the road, except a stake or

two put up, which a part of the hands of Gassaway took to be land corners, and they say they did not know of the road.

The only evidence in anyway connecting Watson with Gassaway's action was that of a single witness who testified that he saw Watson and asked him about the road, and Watson said he had nothing to do with it and did not care where the road was, that he had leased the land to Gassaway and paid Gassaway for putting his fence out; that the witness had seen a bank check with which Watson had paid Gassaway for fencing the land, and that Watson told him that he·had ordered or directed Gassaway to fence the land, but did not order him to fence the road. Watson lives in Marlin, fifteen miles from the road.

*Goodrich & Clarkson,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

HURT, JUDGE. The appellant was convicted for obstructing a public road. The State seeks to establish guilt, by proving that one Gassaway obstructed the road, and that Watson advised and encouraged him to commit the offense.

There is no proof that Watson wilfully advised or commanded Gassaway to obstruct the road, or that he had any criminal connection whatever with the commission of the offense, if any offense was committed by Gassaway. The evidence by which it is sought to convict Watson with Gassaway's acts is this: A witness says he saw Watson and asked him about it, and Watson said he had nothing to do with it, and did not care where the road was; that he had leased the land to Gassaway, and paid him for putting his fence out; that the witness had seen a bank check with which Watson had paid Gassaway for fencing the land; that Watson told him that he had ordered or directed Gassaway to fence the land, but did not order him to fence the road; that Watson lives in Marlin, fifteen miles from the road.

It is not necessary to decide the question as to whether the road was shown to have been legally established when obstructed (which is quite doubtful).

The evidence being insufficient to support the verdict, the judgment is reversed and the cause remanded.

*Reversed and remanded.*